**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DANIEL E. KENNEMORE,                )
                                                        )
                        Plaintiff,              )
                                                        )
            v.                                      )            No. 4:22-CV-805 RLW
                                                        )
VALERIE HUHN, et al.,                    )
                                                        )
                        Defendants.         )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on the application of self-represented plaintiff Daniel E. Kennemore to proceed in the district court without prepaying fees and costs. Based on the financial information provided in the motion, the motion will be granted. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

### Background

Plaintiff is a self-represented litigant currently committed to the Southeast Missouri Mental Health Center in Farmington, Missouri, where he is undergoing Sexual Offender Rehabilitation Treatment Services ("SORTS").[1] On August 7, 1995, plaintiff was convicted on three counts of sodomy and sentenced to three concurrent ten-year terms of imprisonment in the Missouri Department of Corrections. *State of Missouri v. Kennemore*, No. 11R019300463-01 (11th Jud. Cir., St. Charles Cnty). Following the expiration of his sentences, the State of Missouri sought to commit plaintiff as a sexually violent predator. *In the Matter of the Care and Treatment of Daniel Kennemore*, No. 03PR12486 (11th Jud. Cir., St. Charles Cnty).

Plaintiff was committed on April 4, 2005. Plaintiff filed an appeal to the Missouri Court of Appeals, but voluntarily dismissed the appeal on March 3, 2006. *In the Matter of Daniel Kennemore*, No. ED86696 (Mo. Ct. App. 2006). Each year, the Missouri Department of Mental Health submits to the Clerk of the Probate Division, St. Charles County, an annual report on plaintiff's mental condition. *See In re: Daniel E. Kennemore*, No. 03PR124286 (11th Jud. Cir, St. Charles Cnty 2022). The most recent annual report was submitted by the Department of Mental Health on October 13, 2022.  *Id.* Attached to the annual report, and signed by plaintiff, is a notice of right to petition the court for discharge. The notice informs plaintiff that he had the right to

---

[1] Much of this background information is taken from *Kennemore v. State of Mo. Dep't of Mental Health, et al.*, No. 4:22-cv-00180-PLC (E.D. Mo. Apr. 26, 2022), ECF No. 17 at 2-3.

petition the state court for release over the objection of the Department of Mental Health Director pursuant to Missouri Revised Statutes § 632.498.

During the time since he was committed, plaintiff has filed four petitions for writ of habeas corpus in this Court, all of which have been unsuccessful. Plaintiff has also filed nine prior civil actions pursuant to 42 U.S.C. § 1983. All of these civil actions were either dismissed under 28 U.S.C. § 1915(e) or pursuant to plaintiff's motion for voluntary dismissal.

### The Complaint

Plaintiff initiated the instant action on August 2, 2022, by filing a complaint pursuant to 42 U.S.C. § 1983. The complaint is typewritten and not on a Court-provided form. In it, plaintiff names five defendants: Valerie Huhn (Director, Missouri Dep't of Mental Health ("DMH")), Angeline Stanislaus (Chief Medical Director, DMH); Denise Hacker (CEO, SORTS), Stacy Neff (Medical Director, SORTS), the Estate of Jay Engelhart (Psychiatrist, SORTS), and Sekhar Vangala (Medical Director, SORTS). Defendants are sued in both their official and individual capacities. The central argument in plaintiff's complaint is that he has been forcibly medicated without due process of law.

In his Statement of Claim, plaintiff asserts that in February 2020, he refused consent to treat an "untreatable dubious AST diagnosis" and has not consented to "this pseudo-treatment since." He states that he arrived at SORTS in 2003 and perused the SORTS library where he found 26 books involving occult or pagan research information. Subsequently, SORTS provided more than 52 magazines or books that illustrated that the Freemasons, Jews, and Physicians were practicing witchcraft with the practice of Wiccans disguising their witchcraft with holistic imagery. Shortly after plaintiff's revelation concerning the occult books and magazines in the SORTS library, plaintiff states that Dr. Englehart began forced medication.

For his claims, plaintiff states that his rights to Due Process under the Fourteenth Amendment have been violated because defendants Englehart and Vangala "either did not engage in any periodic review to decide whether to discontinue the drug regimen or did not ever give [plaintiff] notice, from 2007 to 2022."[2] Plaintiff alleges Englehart, Vangala, and Stanislaus initiated plaintiff's forced medication without a judicial hearing. He states that since 2005, defendants have not given plaintiff 24 hours' notice before administration of anti-psychotic drugs. Plaintiff also alleges the defendants were absent when members of plaintiff's treatment team met with the psychologist staff.  Finally, he states that between 2021 and 2022, defendant Huhn failed to review plaintiff's initial forced medication order and upheld without review the finding of the need to forcefully medicate plaintiff with anti-psychotics.

For relief, plaintiff seeks injunctive relief preventing defendants from forcefully medicating him. For monetary relief, he seeks compensatory damages of $5,000,000 per defendant and punitive damages of $10,000,000 per defendant.

## Subsequent Filings

Plaintiff has also filed supplemental documents that form no legal theory and seek no appropriate relief. The allegations contained in these documents are "fanciful," "fantastic," and "delusional." *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992). One document is a 24-page single-spaced handwritten narration of plaintiff's "spiritual experience," including that he has been framed with sex offenses by the "Freemasons who were the modern day Egyptian Wizards/Witches that were using sorcery to cast LOVE/LUST SPELL'S on innocent people to

---

[2]The statute of limitations on plaintiff's § 1983 claims is five years. *See Sulik v. Taney Cnty, Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). Thus, the only allegations this Court may consider are those committed by defendants after August 2, 2017, which is five years prior to the date plaintiff's complaint was filed.

create sex offenses so they could put them into Egyptian bondage/prison." ECF No. 8 at 2. Another

five-page handwritten document states, "Freemasons, Jews, and Physicians have set up the State

and Federal Court System under the Egyptian OSIRIS Religion and the Egyptian Sungod

Religion." ECF No. 10-1 at 2-5. Another supplemental filing is a five-page letter regarding

"witchcraft, the occult, and Freemasons using witchcraft to create crime so they can frame the

innocent with sex offenses by putting a witches curse on the innocent and put the person in

Egyptian bondage/prison so the witches can have access to the person's children so they can raise

them as witches/pagans." ECF No. 11 at 1.

### Discussion

Plaintiff alleges his due process rights were violated when defendants subjected him to

forced medication without notice or a judicial hearing. Attached to plaintiff's complaint, however,

are 52 pages of documents, many of which directly contradict plaintiff's claims.[3] For example,

plaintiff's documents show he was given notice of a hearing on his involuntary medications, a

hearing was held, and the chairman and two members of the committee concurred that plaintiff's

involuntary medications should continue. The documents show that plaintiff appealed this

decision, and plaintiff's appeal was denied.

Plaintiff attached to his complaint a memo from defendant Denise Hacker to plaintiff dated

July 18, 2022 on the subject of plaintiff's involuntary medication hearing. The memo states:

> This memo is being sent to inform you that a hearing on a request for an
> extension of instituting involuntary medications for you will be held on Thursday,
> July 21, 2022 at 1:00 P.M. . . . . At that time, evidence will be presented as to why
> it is believed that you need to continue to be given involuntary medications. You
> will have the opportunity to listen to that evidence and ask questions, testify

---

[3]The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c)
("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all
purposes"); *see also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

yourself and present your own evidence as to why you believe you do not need to take the proposed medication.

Charles McIntyre has been assigned to be your patient advocate through this process. I have also attached a copy of the Department Operating Regulation in order for you to understand the criteria used by the three persons on the hearing panel to make a decision in your case.

After the hearing you will receive the decision within 24 hours. If you decide to appeal the decision, you will have 24 hours after receiving the initial decision in order to do so.

ECF No. 1-2 at 43.

Plaintiff also included a copy of the Department Operating Regulations, which outline procedures for involuntary administration of psychotropic medications. ECF No. 1-2 at 44-45. Plaintiff attaches his Clinical Due Process Hearing Summary dated July 21, 2022. ECF No. 1-2 at 46-47. After a hearing, the Clinical Due Process Review Committee concurred with involuntary administration of psychotropic medication. ECF No. 1-2 at 48. Finally, plaintiff attaches a letter from defendant Angeline Stanislaus dated July 25, 2022 which is a response to plaintiff's appeal of the Clinical Due Process Review Committee's decision regarding use of involuntary psychotropic medications. Stanislaus' letter states that she has reviewed the audio recording of the Clinical Due Process hearing and outlines nine separate reasons for denying plaintiff's appeal of the decision. The letter states that plaintiff's involuntary psychotropic medication order will be valid from July 25, 2022 to January 25, 2023. ECF No. 1-2 at 49-50. Finally, the last page of his attachments is a handwritten page listing "Bible Scriptures on the Occult, Witchcraft, etc." ECF No. 1-2 at 52.

"While the court must accept allegations of fact as true … the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir.

2002). Plaintiff's unsupported conclusory allegations regarding his lack of notice and lack of a hearing are directly contradicted by the records attached to his pleading. The attached records show that three days before his hearing, plaintiff was given written notice of his hearing and notice of the State's due process procedures for involuntary administration of medications. On July 21, 2022, plaintiff had a clinical due process hearing, in which the three-member clinical due process review committee concurred with the involuntary administration of psychotropic medication. Plaintiff appealed this decision, and the decision was upheld on appeal. In response to his appeal, plaintiff received a letter from Angeline Stanislaus, Chief Medical Director, DMS, outlining the nine reasons for the denial of his appeal.

Because the business records attached to plaintiff's complaint directly contradict plaintiff's conclusory allegations in his unverified complaint, and demonstrate adequate due process in the administration of forced anti-psychotic drugs, the Court finds plaintiff has failed to state a claim of a due process violation arising out of his involuntary medication. Plaintiff's claim will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's applications to proceed in the district court without prepaying fees or costs are **GRANTED**. [ECF Nos. 2 and 7]

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Valerie Huhn, Angeline Stanislaus, Denise Hacker, Stacy Neff, the Estate of Jay Englehart, and Sekhar Vangala are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's pro se motion for service and motion to amend and serve defendants are **DENIED as moot**. [ECF Nos. 6 and 9]

An order of dismissal will accompany this memorandum and order.

Dated this <u>6th</u> day of February, 2023.

_Ronnie L. White_

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**