# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL E. KENNEMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-805 RLW |
| | ) | |
| VALERIE HUHN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on self-represented plaintiff Daniel E. Kennemore's post-dismissal motion to amend the complaint. The motion will be denied.

On February 6, 2023, the Court dismissed plaintiff's complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e). *See* ECF Nos. 13 and 14. The Court found the business records attached to plaintiff's complaint directly contradicted his allegations and demonstrated adequate due process in the administration of forced anti-psychotic drugs.

In his motion to amend the complaint, plaintiff seeks to amend his complaint to include grievances he filed with Missouri's Department of Mental Health. He also seeks to include an order from the St. Charles County Circuit Court denying plaintiff's petition for release as a sexually violent predator. Similar to other filings in this case, plaintiff includes allegations regarding the government's "Sungod belief system where physicians favor the Sungod APOLLO in their belief system instead of the 600 of the Bible YAHWEH and his CHRIST in whom I serve and believe in."

Although a district court "should freely give leave [to amend] when justice so requires, Fed. R. Civ. P. 15(a)(2), plaintiffs do not enjoy an absolute or automatic right to amend a deficient

. . . [c]omplaint." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (internal quotation omitted). Moreover, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id.* at 823. "Post-dismissal motions to amend are disfavored." *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1208 (8th Cir. 2010). Finally, to preserve the right to amend the complaint, "a party must submit the proposed amendment along with its motion." *Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (internal citation omitted).

Plaintiff has not attached a proposed amended complaint to his motion for leave. Nor has he explained how he would correct the deficiencies in the original complaint. The Court will therefore deny his post-dismissal motion for leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend the complaint is **DENIED**. [ECF No. 16]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 15]

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of March, 2023.